# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BRIAN KAELIN,**

    **Plaintiff,**

v.                                                 **Case No. 17-CV-1346**

**ANDREW M. SAUL,**
**Commissioner of Social Security,**

    **Defendant.**

## DECISION AND ORDER APPROVING AN AWARD OF ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

On February 13, 2019, I reversed the Social Security Commissioner's decision denying Brian Kaelin's application for disability insurance benefits and supplemental security income and remanded the case for further proceedings pursuant to 42 U.S.C. § 405(g), sentence four. (Docket # 20.) I granted Kaelin's request for attorney's fees under the Equal Access to Justice Act ("EAJA") on May 9, 2019 and awarded $6,900.00. (Docket # 27.) On remand, Kaelin appeared before an Administrative Law Judge who approved his claim for disability insurance benefits. (Docket # 28 at 2.) The Social Security Administration issued a Notice of Award letter dated March 8, 2020, stating that Kaelin's past-due benefits total $43,362.00. (Docket # 28-2.)

Kaelin agreed to pay his attorney 25% of his past-due benefits award. (Docket # 28-1.) The Administration withheld $10,840.50 from his past-due benefits to pay his representative. (Docket # 28-2 at 4.) Kaelin's counsel, Attorney Dana Duncan, requests the court award him $3,940.50 in fees, which represents twenty-five percent of the past-due

disability insurance benefits ($10,840.50) offset by the $6,900.00 previously awarded as fees under the EAJA. (Docket # 28.) *See Hanrahan v. Shalala*, 831 F. Supp. 1440, 1452 (E.D. Wis. 1993) (stating that "when attorney's fees are awarded under both the SSA and the EAJA for the same services, an attorney is entitled to keep the larger fee but must return the smaller fee to the claimant"). The Commissioner does not object to the $3,940.50 requested, however, he clarifies that Kaelin actually seeks $10,840.50 in § 406(b) fees and counsel is obligated to refund Kaelin the $6,900.00 previously awarded as EAJA fees. (Docket # 30.) Thus, the inquiry is whether an award of $10,840.50 is reasonable, not whether an award of $3,940.50 is reasonable. (*Id.*)

The court must approve any fee under § 406(b). Congress intended such review not to override the claimant and counsel's fee arrangement but rather to act as an "independent check" to ensure that the arrangement yielded a reasonable result in the particular case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* Within the 25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. *Id.* In making this determination, the court may consider the character of the representation and the results obtained, reducing an award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time counsel spent on the case that the fee would constitute a windfall to the attorney. *Id.* at 808.

As noted above, Kaelin entered into a 25% contingency fee agreement with counsel.

2

(Docket # 28-1.) Twenty-five percent of his total past due benefits equals $10,840.50. Counsel has also been awarded $6,900.00 in EAJA fees. While Counsel effectively seeks an award of $10,840.50, he states that he will off-set the previously awarded EAJA fee of $6,900.00 to Kaelin. (Docket # 28 at 1–2.) Thus, counsel has met the "one boundary line" of requesting a fee that does not exceed twenty-five percent of the past-due benefits.

However, within the twenty-five percent boundary, Counsel must still show that the fee sought is reasonable. Counsel contends that the requested fee is reasonable for the 28.2 hours of legal work spent in this case. (Docket # 29 at 2.) He argues that he has substantial experience in handling disability claims in multiple federal courts. (*Id.* at 10–12.) Counsel notes that he achieved a fully favorable result, with Kaelin being found disabled as of April 14, 2017 and being awarded back benefits in the amount of $43,362.00. (*Id.* at 8.)

Pursuant to *Gisbrecht*, I find the requested fee is reasonable. Counsel obtained a fully favorable result for Kaelin, who was awarded disability insurance benefits and was awarded a substantial amount of past-due benefits ($43,362.00). I further find the fee does not constitute a windfall to the attorney. The amount sought by counsel under § 406(b) is within the 25% permitted by law and provided for in the fee agreement. The fee of $10,840.50 for 28.2 hours of work equates to an hourly fee of approximately $384.41/hour, and this is well within the realm of reasonable fees approved by the courts in this circuit. *See Koester v. Astrue*, 482 F. Supp. 2d 1078, 1081 (E.D. Wis. 2007) (approving hourly rate of $580.67 per hour for 38.80 hours of work); *Stemper v. Astrue*, No. 04-CV-838, 2008 WL 2810589, *1 (W.D. Wis. July 14, 2008) (approving rate hourly rate of $666 per hour); *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, *3 (N.D. Ill. Nov. 22, 2002) (approving

hourly rate of approximately $393.00 per hour for 53.90 hours of work).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) (Docket # 28) is hereby **GRANTED**. Attorney Dana Duncan is awarded fees in the amount of $10,840.50.

**IT IS FURTHER ORDERED** that upon receipt of this sum, Attorney Duncan is directed to refund $6,900.00, representing fees that were previously awarded under the EAJA, directly to Kaelin.

Dated at Milwaukee, Wisconsin this 11th day of August, 2020.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge